*Exhibit E*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

## GUADALUPE CARDENAS AND JOSE CARDENAS VS. STATE FARM LLOYDS

(a) Plaintiffs' Original Petition
(b) Notice of Service Process for State Farm Lloyds (return citation not filed in State Court)
(c) Defendant State Farm Lloyds' Original Answer
(d) Docket Sheet

*Exhibit E*

Filed
7/16/2019 3:19 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Katherine Chambers

CAUSE NO: **19-DCV-264512**

| | | |
|---|---|---|
| GUADALUPE CARDENAS AND JOSE LUIS CARDENAS, PLAINTIFFS | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | FORT BEND COUNTY, TEXAS |
| STATE FARM LLOYDS, DEFENDANT | § § | Fort Bend County - 240th Judicial District Court _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION WITH WRITTEN DISCOVERY

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** GUADALUPE CARDENAS AND JOSE LUIS CARDENAS, hereinafter called Plaintiffs, complaining of and about STATE FARM LLOYDS, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     GUADALUPE CARDENAS AND JOSE LUIS CARDENAS, Plaintiffs affirmatively plead that they seek only monetary relief no more than $75,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiffs are individuals that own real property in Fort Bend County, Texas.

3.     Defendant, STATE FARM LLOYDS is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

---

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another Court.

5.      This Court has jurisdiction over Defendant because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiffs cause of action arose out of this Defendant's business activities in Texas.

6.      Venue in Fort Bend County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in Fort Bend County, Texas. Furthermore, venue is proper in Fort Bend County, Texas because the insured property is in this county.

**FACTS**

7.      Plaintiffs are the owners of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which as issued by Defendant.

8.      Defendant sold and issued Plaintiffs the Policy insuring the property against damages caused by hail, windstorm and other covered perils.

9.      During the effective policy period, Plaintiffs owned real property with improvements located at 312 Mellon Street, Richmond, Texas 77469, located in Fort Bend County, Texas (hereinafter referred to as "the Property").

10.      During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail.  As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof.

---

*Exhibit E*

11. Plaintiff duly notified Defendant of the damage sustained and asked that Defendant pay for the damages to the Property and other damages covered by the terms of the Policy.

12. Defendant then assigned Plaintiff Claim No. 53-1530-F45 (hereinafter "the Claim") and assigned an adjuster, agent, representative of Defendant to perform a site inspection of the damages and evaluate and process the Claim.

13. Defendant improperly adjusted Plaintiffs' claim and failed to conduct a reasonable and thorough investigation of the covered damages. Without limitation the report misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' home, as well as the amount of insurance coverage for Plaintiffs' losses under the Policy. Defendant made these and other false representations to Plaintiffs, either knowingly or recklessly. Defendant made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs relied on their misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' home. Plaintiffs have been damages as a result of that reliance.

14. The inspection of Plaintiffs' Property on September 30, 2017 was brief, substandard and inadequate. The inspection report failed to include all the damages that were observed during the inspection and undervalued the damages and ultimately denied/underpaid the Claim. Despite the existence of obvious and easily identifiable damages, the report claimed there were minimal storm related damages and the condition of the roof was misrepresented as well as the cause of water intrusion and interior damages. Defendant's liability for the extension of further coverage and further payment was reasonably clear.

---

Guadalupe and Jose Luis Cardenas – POP with Disc – SFL                           Page 3

*Exhibit E*

15. Plaintiffs were entitled to receive benefits that were covered by the insurance policy. However, Defendant performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs losses on the Property. Defendant has delayed payment to Plaintiffs for necessary and covered Property damages under the Policy. To date, Defendant has yet to make a full payment on the Claim.

16. Plaintiffs were forced to hire their own representative to inspect and evaluate the obvious damages to the Property that Defendant deliberately ignored to avoid payment on the Claim. Additionally, as a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain an attorney to prosecute the claim for insurance benefits to which they are entitled.

17. Plaintiffs' experience is not an isolated case. The wrongful acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regards to handling these types of claims. Defendant's entire claim process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

18. As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' Claim by:

a. Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs are claiming;

b. Underpaying some of Plaintiffs Claim by not providing full coverage for damages sustained to the Property;

c. Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

d. Continuing to delay in the payment of damages to the Property, including the roof and interior.

---

*Exhibit E*

19.     Additionally, Defendant breached its contractual obligation to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy.  Notably, Defendant refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in the amount sufficient to cover the damage to the Property was made.

20.     Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

21.     Defendant continues to delay in the payment of the damages to the Property despite Plaintiffs' request.  Accordingly, Plaintiffs have not been paid and/or paid in full for the damages to the Property.

22.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

**CAUSES OF ACTION**

23.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

**BREACH OF CONTRACT**

24.     Defendant had a contract of insurance with Plaintiffs.  Defendant breached the terms of that contract by wrongfully denying and/or underpaying the Claim and Plaintiffs were damaged thereby.

25.     Due to Defendant's breach of the contract terms and continual denial/underpayment of this Claim, Plaintiffs continue to sustain damages to their Property.

26.     Defendant's breach proximately caused Plaintiff's injuries and damages.

---

*Exhibit E*

27.    Plaintiffs have been required by the actions of Defendant to retain the services of undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

### UNFAIR SETTLEMENT PRACTICES or DECEPTIVE ACTS OR PRACTICES

28.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

29.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

30.    Defendant is liable for its unfair and deceptive acts as defined by TEX. INS. CODE §541.002.

31.    Defendant violated TEX. INS. CODE §541.060(a) by engaging in unfair settlement practices during the handling of the claim.    All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

32.    Defendant engaged in the following unfair settlement practices:

   a.    Pursuant to TEX. INS. CODE §541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

   b.    Pursuant to TEX. INS. CODE §541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear.    Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiffs under the Policy.

   c.    Pursuant to TEX. INS. CODE §541.060(a)(1), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for defendant's denial of the Claim or offer of a compromise settlement of the Claim.    Specifically, Defendant failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

---

d.   Pursuant to TEX. INS. CODE §541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs or to submit a reservation of rights. Specifically, Plaintiffs did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

e.   Pursuant to TEX. INS. CODE §541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in unfair evaluation of the Damage to Plaintiff's Property.

33.   Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

34.   Specifically, Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

1.   Defendant represented that the agreement confers or involves rights remedies, or obligations which it does not have, or involve, or which are prohibited by law.

2.   Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

3.   Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §17.50(a)(1)(3) of the DTPA, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

35.   Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damage pursuant to the DTPA and TEX. INS. CODE §541.152(a)-(b).

---

*Exhibit E*

## MISREPESENTATION OF INSURANCE POLICY VIOLATIONS

36.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

37.    Additionally, Defendant made misrepresentations about Plaintiffs' insurance Policy and Claim in violation of TEX. INS. CODE §541.061. All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

38.    Defendant engaged in deceptive insurance practices by making an untrue statement of material fact in violation of §541.061(1). Specifically, Defendant misrepresented the true scope and amount of the Claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the Policy.

39.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATION

40.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

41.    Plaintiffs' Claim is a claim under the insurance Policy issued by Defendant, of which Plaintiffs gave Defendant proper notice.  As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE §542.060.

42.    Specifically, Defendant violated the Prompt Payment of claims provisions of TEX. INS. CODE §542 by:

> a.    Failing to acknowledge receipt of Plaintiffs' Claim, commence investigation of the Claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which

constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055;

b.    Failing to notify Plaintiffs in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and

c.    Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.   Defendant delayed full payment of the Claim and, to date, Plaintiffs still have not receive full payment on the Claim.

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

43.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

44.    Since Plaintiffs initially presented the Claim to Defendant, the liability of Defendant to pay the full Claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiffs home was not apparent until after the loss made the basis of Plaintiffs' insurance Claim.   It is no coincidence that there was no apparent windstorm, rain, and/or hail damage prior to the loss, and significant damage just after.   The wind damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages.   Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear wind damage.   Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

45.    As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiffs in full for the Claim.

---

46.     Defendant denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

47.     The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.,* 788 S.W. 2d 566, 567 (Tex. 1990) (*citing Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W. 2d 165 (Tex. 1987)).   Therefore, insured can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

48.     Defendant and Plaintiffs are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Defendant to deal fairly and, in good faith with Plaintiffs, who are the insured.

49.     Defendant breached its duty of good faith and fair dealing by:

   a.     Failing to provide a reasonable basis for denial or underpayment of the Claim; and /or,

   b.     Failing to determine whether there was a reasonable basis for denial or delay of the Claim.

*Arnold*, 725 S.W. 2d at 167.

50.     Defendant systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they

*Exhibit E*

constitute a general business practice of Defendant with regard to handling of these types of claims.

51.    By virtue of its systematic wrongful denials, Defendant compels its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the policy by offering nothing or substantially less than the amount that will be recovered by a suit brought by the insured.

52.    Defendant failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders.  Defendant is knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

53.    Defendant knowingly committed the act of denying and/or underpaying claims without a reasonable basis, therefore, Plaintiffs are entitled to actual and exemplary damages at law.

## KNOWLEDGE

54.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

55.    Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

### ECONOMIC / ACTUAL DAMAGES

56.    Plaintiffs sustained the following economic / actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

---

(a)     Out-of-pocket expenses;

(b)     Loss of the "benefit of the bargain."

(c)     Diminished or reduced market value.

(d)     Costs of repairs.

(e)     Remedial costs and/or costs of completion.

(f)     Reasonable and necessary engineering or consulting fees.

### DAMGES

57.     Plaintiffs would show that all the aforementioned causes of action, taken together and singularly, establish the producing causes of the damages sustained by Plaintiffs.

58.     Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improperly handling of the Claim in violation if the laws set forth above.

59.     For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

60.     As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendant's knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE §541.152.

61.     Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provision, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and

reasonable and necessary attorneys' fees.

62.     For the breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach, exemplary damages and damages for emotional distress.

63.     As a result of the necessity in engaging the service of an attorney to prosecute this Claim, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

64.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

### RESERVATION OF APPRAISAL RIGHTS

65.     By filing this lawsuit herein, Plaintiffs do not waive, and expressly reserve their right under the policy to demand an appraisal for determination of the actual cash value amount of loss and   replacement cost value amount of loss with respect to the property damage claims Plaintiffs assert in this lawsuit.

### ARRIFRMATIVE DEFENSES

66.     *Waiver.* Defendant has waived certain policy conditions, duties imposed on the plaintiff, and terms of coverage of the insurance policy at issue.

67.     *Contra Proferuntum.* Defendant's contract is unilateral and in the event of ambiguity must e held against the drafter.

---

## JURY DEMAND

68.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

69. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendant disclose the information or material described in Rule 194.2, within 50 days of service of these requests.

70. In addition to the content subject to disclosure under Rule 194.2, Plaintiffs request disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.

71. Defendant is also requested to respond to the attached interrogatories and requests for production within fifty (50) days, in accordance with the instructions stated therein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

---

Guadalupe and Jose Luis Cardenas – POP with Disc – SFL                              Page 14

*Exhibit E*

8) Costs of this suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

PERRY & SHIELDS LLP
2900 NORTH LOOP W., SUITE 850
HOUSTON, TX 77092
Tel: (713) 955-3102
Fax: (281) 715-3209

By:_____
        Eddie Lane
        State Bar No. 24067719
        E-Service: elane@perryshields.com
                        opresas@perryshields.com

Attorneys for Plaintiffs

---

*Exhibit E*

DELIVERED: __8 / 7 / 19__
by: __KM__

:y

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**   THE STATE OF TEXAS

CITATION

TO:   **STATE FARM LLOYDS
C/O CORPORATION SERVICE COMPANY
DBA CSC-LAWYERS INC SERVICE
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701**

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY** filed on **July 16, 2019**, a default judgment may be taken against you.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-264512** and is styled:

**GUADALUPE CARDENAS VSSTATE FARM LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**EDDIE R LANE
KYLE LAW GROUP PC
1775 SAINT JAMES PLACE SUITE 130
HOUSTON TX 77056
713-968-4615**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 18th day of July, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Katherine Chambers_
Deputy District Clerk KATHERINE CHAMBERS
Telephone: (281) 344-3959

SERVICE

CTH: 8/7/19 @ 12⁵⁰ PM

*Exhibit E*

Filed
8/30/2019 2:25 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
James Burnett

## CAUSE NO. 19-DCV-264512

| | | |
|---|---|---|
| **GUADALUPE CARDENAS AND** | § | **IN THE DISTRICT COURT OF** |
| **JOSE LUIS CARDENAS** | § | |
| | § | |
| **V.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **240ᵀᴴ JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **STATE FARM LLOYDS,** Defendant in the above-entitled and numbered cause, and files this Original Answer to the allegations contained in Plaintiffs' Original Petition, and all subsequent amended or supplemental petitions filed against Defendant, and shows as follows:

## I.
## GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendant would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.

## DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the

*Exhibit E*

insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

    3.    **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

    4.    **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

    5.    **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

    6.    **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

    2.    **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a.    give immediate notice to us or our agent…

    b.    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

                *   *   *   *   *

    d.    as often as we reasonably require:

        (1)    exhibit the damaged property;

        (2)    provide us with records and documents we request and permit us to make copies

*Exhibit E*

   (3) submit to and subscribe, while not in the presence of any other insured:
    (a) statements; and
    (b) examinations under oath….

**7.** **Pre-Existing Damages.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

**8.** **Normal Wear and Tear.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

     *  *  *  *  *

 g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

     *  *  *  *  *

 i. mold, fungus or wet or dry rot….

 l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

 b. defect, weakness, inadequacy, fault or unsoundness in:

   (2) design, specifications, workmanship, construction, grading, compaction;

(3)  materials used in construction or repair; or

(4)  maintenance;

c.  weather conditions.

9.     **Flood, Surface Water or Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

### SECTION I – LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs as a result of any combination of these.

\*   \*   \*   \*   \*

c.  **Water Damage**, meaning:
   (1)   Flood, surface water, waves (including tidal wave, tsunami, and seiche), tides, tidal water, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;
   (2)   water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;
   (3)   water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
   (4)   material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

\*   \*   \*   \*   \*

*Exhibit E*

10.     **Personal Property.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

> **COVERAGE B - PERSONAL PROPERTY**
>
> We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:
>
> d.     **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.
>
> **SECTION I - LOSSES NOT INSURED**
>
> 2.     We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

11.     **Bona Fide/Legitimate Dispute.**   A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

12.     **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

*Exhibit E*

13.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

14.     **Written Notice of Claim.**  Defendant specifically denies that Plaintiffs provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

15.     **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

**III.**
**RIGHT TO AMEND**

16.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

*Exhibit E*

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 30th day of August, 2019.

**VIA E-SERVICE**

Eddie Lane
PERRY & SHIELDS LLP
2900 North Loop W., Suite 850
Houston, TX 77092

_____

**DALE M. "RETT" HOLIDY**

*Exhibit E*

# Envelope ID :36438514

# Case Number : 19-DCV-264512

# Case Type

| | |
|---|---|
| **Jurisdiction :** Fort Bend County - 240th Judicial District Court | **Case Category :** Civil - Other Civil |
| **Case Type :** Other Civil | **Filer Type :** Not Applicable |
| **Payment Account:** File & ServeXpress CC | **Attorney :** James Tatem |
| **Case Number:** 19-DCV-264512 | |
| **Client Matter ID:** 99371 | **Date Filed:** 8/30/2019 02:25:30 PM |

# Parties    3

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Plaintiff or Petitioner | Jose Cardenas | |
| ☑ | Defendant or Respondent | State Farm Lloyds | c/o Corporation Service Company , dba CSC-Lawyers Inc Service 211 East 7th Street, Suite 620 , Austin , Texas , 78701 |
| | Plaintiff or Petitioner | Guadalupe Cardenas | |

# Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| Accepted | Answer/Response (Lead Document) **Note to Clerk:** | Defendant's Original Answer | CARDENAS - Answer for SFL.pdf | | | | Contains sensitive data | Defendant's Original Answer | $0.00 |

**Responsible for Filing Fees :** State Farm Lloyds

*Exhibit E*

**Send Accepted Notifications To:**

## Service Contact 5

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---------|------|---------------|--------|-------------|--------|-------------|
| Yes | Christine Hernandez | chernandez@germer.com | Yes | State Farm Lloyds | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | Yes | State Farm Lloyds | | Unopened |
| Yes | Eddie Lane | elane@perryshields.com | Yes | | Sent | Unopened |
| No | Jim Tatem | jtatem@germer.com | Yes | State Farm Lloyds | | Unopened |
| Yes | Perry & Shields LLP | opresas@perryshields.com | No | | Sent | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|-------------------------|--------|
| Case Initiation Fee($) | $0.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $0.13 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $2.00 |
| **Total Fees($)** | **$4.55** |

*Exhibit E*

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back
Location : Fort Bend    Images Help

# REGISTER OF ACTIONS
## CASE NO. 19-DCV-264512

| | | |
|---|---|---|
| Guadalupe Cardenas and Jose Luis Cardenas VS. State Farm Lloyds | §<br>§<br>§<br>§<br>§<br>§ | Case Type: **Other Civil**<br>Date Filed: **07/16/2019**<br>Location: **240th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant or Respondent | State Farm Lloyds<br>Austin, TX 78701 | |
| Plaintiff or Petitioner | Cardenas, Guadalupe | **Eddie R Lane**<br>*Retained*<br>713-955-3102(W) |
| Plaintiff or Petitioner | Cardenas, Jose Luis | **Eddie R Lane**<br>*Retained*<br>713-955-3102(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 07/16/2019 | **Petition**     Doc ID# 1 | | |
| | *Plaintiff's Original Petition with Written Discovery* | | |
| 07/16/2019 | **Request**     Doc ID# 2 | | |
| | *Request for Issuance of Service* | | |
| 07/16/2019 | Jury Fee Paid | | |
| | *Jury Fee Paid by Plaintiff* | | |
| 07/18/2019 | **Issuance**     Doc ID# 3 | | |
| | *Citation Issued to State Farm Lloyds* | | |
| 07/18/2019 | Citation | | |
| | eService | | |
| | State Farm Lloyds | Served | 08/07/2019 |
| | | Returned | 08/09/2019 |
| 08/09/2019 | **Officers Return**     Doc ID# 4 | | |
| | *Citation Return for State Farm Lloyds. Served 8/07/2019* | | |
| 08/30/2019 | **Answer/Contest/Response/Waiver**     Doc ID# 5 | | |
| | *Defendant's Original Answer* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** State Farm Lloyds | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 09/06/2019** | | | **0.00** |
| 08/30/2019 | Transaction Assessment | | | 2.00 |
| 08/30/2019 | E-filing | Receipt # 2019-61664-DCLK | State Farm Lloyds | (2.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff or Petitioner** Cardenas, Guadalupe | | | |
| | Total Financial Assessment | | | 344.00 |
| | Total Payments and Credits | | | 344.00 |
| | **Balance Due as of 09/06/2019** | | | **0.00** |
| 07/17/2019 | Transaction Assessment | | | 342.00 |
| 07/17/2019 | E-filing | Receipt # 2019-49612-DCLK | Cardenas, Guadalupe | (342.00) |
| 08/09/2019 | Transaction Assessment | | | 2.00 |
| 08/09/2019 | E-filing | Receipt # 2019-56216-DCLK | Cardenas, Guadalupe | (2.00) |