United States District Court
Southern District of Texas
**ENTERED**
September 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Guadalupe Cardenas and, § <br> Jose Luis Cardenas, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> State Farm Lloyds, § <br>     Defendant. § | Civil Action H-19-3383 |

# Report and Recommendation

Guadalupe and Jose Luis Cardenas filed this insurance action against State Farm Lloyds (State Farm) alleging that, after Hurricane Harvey in 2017, State Farm conducted a substandard investigation of their storm damage claim and undervalued the loss. (D.E. 1-5.) Plaintiffs claim that State Farm breached the insurance contract and committed several statutory violations. State Farm moves for partial summary judgment on all the extra-contractual claims. (D.E. 27.) Plaintiffs failed to respond to the motion for summary judgment. The court recommends that the motion be granted.

*1. Background*

It is undisputed that Plaintiffs' home was insured by State Farm on the day Hurricane Harvey damaged it. According to the petition filed in state court (D.E. 1-5), State Farm's adjuster performed a brief, substandard, and inadequate inspection of Plaintiffs' property. *Id*. ¶¶ 13–14. The inspection report is alleged not to include all the observable storm damages and to have undervalued those damages that were reported. *Id*. ¶ 14.

Plaintiffs bring several causes of action against State Farm. They claim that State Farm engaged in unfair settlement practices and engaged in deceptive practices in violation of various Texas statutes. Plaintiffs allege that State Farm violated the Texas Insurance Code by:

- Falsely stating that the damage to the property was not covered;
- Failing to make an attempt to settle the claim fairly, despite knowing it was liable under the policy;
- Failing promptly to provide Plaintiffs with a reasonable explanation for denying coverage;
- Failing to timely affirm or deny coverage;
- Refusing to pay Plaintiffs' claim without engaging in a proper investigation.

(D.E. 1-5 ¶ 32.)

Plaintiffs allege that State Farm violated the Texas Deceptive Trade Practices Act by:

- Representing that the insurance policy confers rights, remedies and obligations that it does not;
- Failing to disclose information with the intent to induce the Plaintiffs to enter into a transaction they would not have entered absent the failure to disclose;
- Taking advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree.

(D.E. 1-5 ¶ 34.)

Plaintiffs further claim that State Farm violated the Texas Prompt Payment of Claims Act when it did not timely pay the full amount of the claim. (D.E. 1-5 ¶ 42.) Finally, Plaintiffs allege that State Farm's conduct violated its common law duty to deal fairly and in good faith with Plaintiffs. *Id.* ¶ 49.

In its summary judgment motion, State Farm argues that Plaintiffs have no evidence to support any of its extra-contractual claims. Specifically, State Farm explains that Plaintiffs have designated no expert to testify about any of the claims handling issues underlying their statutory claims. State Farm also notes that, although Plaintiffs deny their home flooded during the storm, they stated in documents submitted to the City of Richmond that their home had flooded.

2

As mentioned, Plaintiffs did not respond to the summary judgment motion. Thus, the court has no evidence about what damage the property sustained, when it happened, how it happened, how much it would cost to repair, or how much was paid to repair it. The court has no evidence about how the claim was investigated or adjusted, what communications occurred between the parties, or what actions any party took with respect to the claim.

2. *Summary Judgment Standard of Review*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 324). The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350.

In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a "motion for summary judgment cannot be granted simply

3

because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the summary judgment motion as undisputed. *C.f. Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion).

### *3. Analysis*

State Farm has satisfied its burden to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Plaintiffs have not submitted any evidence to demonstrate that there is a fact dispute. On the record before the court, there is no evidence with which Plaintiffs can satisfy their burden to prove any of the non-contractual causes of action they have alleged. On the record before the court, no juror could find in favor of Plaintiffs on the extra-contractual claims.

### *4. Conclusion*

Because Plaintiffs fail to produce evidence demonstrating a genuine dispute of material fact on any of their extra-contractual claims, the court recommends that State Farm's motion for partial summary judgment be granted and that all of the claims except for breach of contract be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 13, 2021.

_____
Peter Bray
United States Magistrate Judge