United States District Court
Southern District of Texas
**ENTERED**
January 11, 2022
Nathan Ochsner, Clerk

United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Guadalupe Cardenas and <br> Jose Luis Cardenas, <br>     Plaintiffs, <br><br> v. <br><br> State Farm Lloyds, <br>     Defendant. | § § § § § § § § | Civil Action H-19-3383 |

# Report and Recommendation

Guadalupe and Jose Luis Cardenas filed this insurance action against State Farm Lloyds (State Farm) alleging that, after Hurricane Harvey in 2017, State Farm conducted a substandard investigation of their storm damage claim and undervalued the loss. ECF No. 1-5. Plaintiffs claimed that State Farm breached the insurance contract and committed several statutory violations.

On September 28, 2021, the court granted summary judgment in favor of State Farm on all of Plaintiffs' non-contractual claims. ECF No. 33. The court also granted State Farm's motion to exclude Plaintiffs' expert witness. ECF No. 31. State Farm now moves for summary judgment on the breach of contract claim, which is the only remaining claim. ECF No. 36. Plaintiffs failed to respond to the motion for summary judgment.[1] The court recommends that the motion be granted.

---

[1] Plaintiffs did not respond to the earlier motion for summary judgment or object to the undersigned's recommendation that the motion be granted. Plaintiffs also did not respond to the undersigned's order excluding their expert witness.

1. *Background*

It is undisputed that Plaintiffs' home was insured by State Farm on the day Hurricane Harvey allegedly damaged it. According to the petition filed in state court, Plaintiffs allege that the storm winds damaged their roof causing it to leak. ECF No. 1-5 ¶ 10. The leaking water caused damage to the interior of the home. *Id.* Plaintiffs filed a claim with State Farm seeking reimbursement for the storm damage. *Id.* ¶¶ 11–12. Plaintiffs allege that State Farm's adjuster performed a "brief, substandard, and inadequate" inspection of Plaintiffs' property. *Id.* ¶¶ 13–14. The inspection report is alleged not to include all the observable storm damages and to have undervalued those damages that were reported. *Id.* ¶ 14. Plaintiffs allege that State Farm breached the insurance contract by wrongfully denying and/or underpaying their claim. *Id.* ¶¶ 24–27.

In its summary judgment motion, State Farm argues that Plaintiffs have no evidence to support their breach of contract claims. Plaintiffs did not respond to the motion for summary judgment. As a result, the court has before it no evidence to support Plaintiffs' case. The court also notes that it already struck Plaintiffs' damages expert. *See* ECF No. 31.

In support of its motion, State Farm cites its own expert report which states that the home suffered no damage from wind or hail. ECF No. 36-4 at 2–7. State Farm also cites a document Plaintiffs filed with the City of Richmond that says the home was damaged by flooding. ECF No. 36-2 at 41, 46. State Farm has demonstrated that flood damage is excluded from coverage under the policy. ECF No. 36-3 at 28, 49.

As mentioned, Plaintiffs did not respond to the summary judgment motion. Thus, the court has no evidence about what damage the property sustained, when it happened, how it happened, how much it would cost to repair, or how much was paid to repair it. The court has no evidence about how the claim was investigated or adjusted, what communications occurred between the parties, or what actions any party took with respect to the claim.

*2. Summary Judgment Standard of Review*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 324). The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350.

In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a "motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the summary judgment motion as undisputed. *C.f. Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's

3

summary judgment motion as undisputed, where the plaintiff made no opposition to the motion).

### 3. Analysis

State Farm has satisfied its burden to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Plaintiffs have not submitted any evidence to demonstrate that there is a fact dispute. On the record before the court, there is no evidence that Plaintiffs' home suffered any damage covered under the policy. The only evidence the court has is to the contrary. It appears that there was flood damage, but, as mentioned above, that sort of damage is not covered under the policy. Absent some indication that there was a covered loss, State Farm was under no obligation to pay anything to Plaintiffs. Thus, the failure to pay has not been shown to be in breach of the insurance contract.

On the record before the court, no juror could find in favor of Plaintiffs on the breach of contract claim.

### 4. Conclusion

Because Plaintiffs fail to produce evidence demonstrating a genuine dispute of material fact on the breach of contract claim, the court recommends that State Farm's motion for summary judgment be granted and that the breach of contract claim be dismissed with prejudice. Because that is the only surviving claim, the court further recommends that this case be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 11, 2022.

_____
Peter Bray
United States Magistrate Judge